IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY, a New Hampshire Company, HANOVER INSURANCE COMPANY, a New Hampshire Company, <br><br> Plaintiffs, <br><br> vs. <br><br> DESLAURIERS, INC., and GABRIELA BAUTISTA, individually and on behalf of all others similarly situated, <br><br> Defendants. | Civil Action No.: |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Massachusetts Bay Insurance Company ("MBIC") and Hanover Insurance Company ("Hanover") by and through their counsel of record, and for their Complaint against Defendant Deslauriers, Inc. ("Deslauriers") and Gabriela Bautista, individually and on behalf of all others similarly situated ("Bautista"), state as follows:

**INTRODUCTION**

1. This is an insurance coverage dispute between MBIC and Hanover, on the one hand, and Deslauriers. MBIC issued Commercial Lines Policies to Deslauriers that contain General Liability and Cyber Liability Coverage Parts. Hanover issued Umbrella Liability Policies to Deslauriers. In this action, MBIC and Hanover seek a declaration that they have no duty to defend or indemnify Deslauriers under the Policies in connection with the underlying putative class action suit captioned, *Gabriela Bautista, individually and on behalf of themselves and all other similarly situated persons* v. *Deslauriers, Inc.*, filed in the Circuit Court of Cook County, Illinois, bearing Case No. 23-CH-03200 (the "Bautista Lawsuit").

1

**PARTIES, JURISDICTION AND VENUE**

2. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a)(1).

3. Plaintiff, MBIC, is a corporation organized under the laws of the State of New Hampshire, with its principal place of business in Worcester, Massachusetts.

4. Plaintiff, Hanover, is a corporation organized under the laws of the State of New Hampshire, with its principal place of business in Worcester, Massachusetts.

5. Defendant, Deslauriers is a corporation organized under the laws of the State of Delaware, with its principal place of business in Cook County, Illinois.

6. Defendant, Bautista, is a citizen of the State of Illinois. Bautista is joined in this suit as a nominal party defendant.

7. The Bautista Lawsuit for which Deslauriers seeks a defense and indemnity is a putative class action. The MBIC Policies have Limits of Liability of $1 million for Personal and Advertising Injury, and $2 million in the General Aggregate. The 2021 MBIC Policy also has a Cyber Liability Coverage Part with a $50,000 Maximum Aggregate Limit of Liability. The Hanover Umbrella Policies have Limits of Liability of $4 million Each Claim Limit and $4 million General Aggregate Limit.

8. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiffs MBIC and Hanover, and Defendants Deslauriers and Bautista, and (b) the amount in controversy, including the potential costs of both defending and indemnifying Deslauriers, substantially exceeds $75,000.

9. Venue is appropriate under 28 U.S.C. § 1391 because the making of the insurance contract at issue, which forms the basis of this action occurred in the Northern District of Illinois.

## FACTUAL BACKGROUND

### The Policies

10. MBIC issued Commercial Line Policy No. ZDC H603138 00 to Deslaurier, Inc., effective 5/15/2021 to 5/15/2022 (the "2021 MBIC Policy"). A true and correct copy of the 2021 MBIC Policy is attached hereto has **Exhibit A**. The 2021 Policy has a General Liability Coverage Part and also has a Cyber Liability Coverage Part.

11. MBIC also issued Commercial Line Policy No. ZDC H603138 01 to Deslaurier, Inc., effective 5/15/2022 to 5/15/2023 (the "2022 MBIC Policy"). The 2022 MBIC Policy is attached hereto as **Exhibit B**. The 2022 Policy has a General Liability Coverage Part but does not have a Cyber Liability Coverage Part.

12. Hanover issued Commercial Follow Form Excess and Umbrella Policy No. UHC H603141 00 to Deslaurier, Inc., effective 5/15/2021 to 5/15/2022. Hanover also issued Commercial Follow Form Excess and Umbrella Policy No. UHC H603141 01 to Deslaurier, Inc., effective 5/15/2022 to 5/15/2023. The Commercial Follow Form Excess and Umbrella Policies are collectively referred to herein as the "Umbrella Policies" and are attached hereto as **Exhibits C** and **D**, respectively. The MBIC Policies are listed in the Schedule of Underlying Policies in the Umbrella Policies.

### The Bautista Lawsuit

13. On April 3, 2023, Gabriela Bautista, individually and on behalf of themselves and all other similarly situated persons, filed a putative class action against Deslauriers in the Circuit Court of Cook County, Illinois, bearing Case No. 23-CH-03200 (the "Bautista Lawsuit"). A true and correct copy of the Complaint filed in the Bautista Lawsuit is attached hereto as **Exhibit E**.

14. The Complaint alleges that from March 9, 2019 until October 20, 2021 of Bautista's employment at Deslauriers facilities, they were required to scan their fingerprints and/or other biometrics into Deslauriers' biometric timekeeping device each time they needed to "clock-in" and "clock-out".

15. The Complaint alleges Deslauriers' biometric technology allows for and resulted in the dissemination of Bautista's and the Class member's biometrics to third parties, including vendors for timekeeping, data storage, and payroll purposes.

16. The Complaint alleges that Deslauriers violated the Illinois Biometric Information Privacy Act ("BIPA") because Plaintiffs were denied written disclosures, releases and other information required by Section 15 of BIPA.

17. The Complaint contains a single count alleging violations of Section 15(a)-(d) of BIPA and seeks injunctive and equitable relief; an award of statutory damages of $5,000 for each willful and/or reckless violation of BIPA; an award or statutory damages of $l,000 for each negligent violation of BIPA; and an award of reasonable attorneys' fees, costs, and other litigation expenses.

18. Deslauriers has requested coverage from MBIC and Hanover for the Bautista Lawsuit. MBIC and Hanover contend that they have no obligation to defend or indemnify Deslauriers against the Bautista Lawsuit. Accordingly, an actual controversy exists between MBIC and Hanover, on the one hand, and Deslauriers, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto and to grant such relief as it deems necessary and proper.

## COUNT I – DECLARATORY JUDGMENT

**(General Liability Coverage – Access or Disclosure of Personal Information Exclusion in MBIC Policies)**

19. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 18 as and for Paragraph 19, as though the same were fully set forth herein.

20. The General Liability Coverage Part in the MBIC Policies contain an Endorsement titled, "Exclusion – Access or Disclosure of Confidential or Personal Information and Data-Related Liability – With Limited Bodily Injury Exception, which provides, in relevant part:

4

> **B.** The following is added to Paragraph **2. Exclusions** of **Section I – Coverage B – Personal And Advertising Injury Liability:**
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> **Access Or Disclosure Of Confidential Or Personal Information**
>
> "Personal and advertising injury" arising out of any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information.
>
> This exclusion applies even if damages are claimed for notification costs, credit monitoring expenses, forensic expenses, public relations expenses or any other loss, cost or expense incurred by you or others arising out of any access to or disclosure of any person's or organization's confidential or personal information.

21. The Bautista Complaint alleges Deslauriers collected and disclosedits employees' biometric information in violation of BIPA.

22. Biometric information is personal and/or confidential information.

23. Therefore, any "personal and advertising injury" arises out of any access to or disclosure of any person's confidential or personal information, and coverage for the Bautista Lawsuit is precluded under the General Liability Coverage Part of the MBIC Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

24. The General Liability Coverage Part in the MBIC Policies consequently does not actually or potentially provide coverage for the Bautista Lawsuit.

25. Accordingly, MBIC has no duty to defend or indemnify Deslauriers for the Bautista Lawsuit under the General Liability Coverage Part of the MBIC Policies.

WHEREFORE, MBIC and Hanover respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Deslauriers in connection with the Bautista Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT II– DECLARATORY JUDGMENT

**(General Liability Coverage - Employment Practices Liability Exclusion in MBIC Policies)**

26. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 18 as and for Paragraph 26, as though the same were fully set forth herein.

27. The MBIC Policies contain an Employment Practices Liability Exclusion, which states:

> **B.** The following exclusion is added to Paragraph **2., Exclusions** of Section **I – Coverage B – Personal And Advertising Injury Liability:**
>
> This insurance does not apply to:
>
> "Personal and advertising injury" to:
>
> **(1)** A person arising out of any:
> **(a)** Refusal to employ that person;
> **(b)** Termination of that person's employment; or
> **(c)** Employment-related practices, policies, acts or omissions, such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person; or
>
> ***
>
> This exclusion applies:
> **(1)** Whether the injury-causing event described in Paragraphs **(a), (b)** or **(c)** above occurs before employment, during employment or after employment of that person;
>
> **(2)** Whether the insured may be liable as an employer or in any other capacity; and
>
> **(3)** To any obligation to share damages with or repay someone else who must pay damages because of the injury.

6

28. The Bautista Lawsuit is brought by employees of Deslauriers and alleges that Deslauriers violated its employees' privacy in their biometric information by disclosing such information in violation of BIPA.

29. As a result, any "personal and advertising injury" arises out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution.

30. Coverage, therefore, is precluded under the General Liability Coverage Part of the MBIC Policies by reason of the Employment Practices Liability Exclusion.

31. The General Liability Coverage Part, therefore, does not actually or potentially provide coverage for the Bautista Lawsuit.

32. Accordingly, MBIC has no duty to defend and indemnify Deslauriers under the General Liability Coverage Part of the MBIC Policies.

WHEREFORE, MBIC and Hanover respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Deslauriers in connection with the Bautista Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT III – DECLARATORY JUDGMENT

**(Cyber Liability Coverage – No Claim Made During 2021 MBIC Policy)**

33. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 18 as and for Paragraph 33, as though the same were fully set forth herein.

34. The 2021 MBIC Policy contains a Cyber Liability Coverage Part, which provides:

> **SECTION I – INSURING AGREEMENTS**
> **A. Privacy and Security Liability**
> The "insurer" will pay on behalf of the "insured",
> "loss" which the "insured" is legally obligated to pay due
> to a "claim" first made against the "insured" during the "policy period",

or Extended Reporting Period if applicable, and which arises out of a "Privacy Breach" or a "Security Breach" to which this insurance applies.

**B. Cyber Media Liability**
The "insurer" will pay on behalf of the "insured", "loss" which the "insured" is legally obligated to pay due to a **"claim"** first made against the "insured" during the "policy period", or Extended Reporting Period if applicable, and which arises out of a "Cyber Media Breach" to which this insurance applies.

\*\*\*

35. The MBIC Policy defines "claim", in relevant part, as:

**1.** A written demand received by an "insured" for monetary damages or non-monetary relief including injunctive relief;

**2.** Any complaint or similar pleading initiating a judicial, civil, or administrative proceeding;

\*\*\*

36. The Bautista Complaint was filed on April 3, 2023, after the expiration of the 2021-2022 policy period.

37. Accordingly, the Bautista Lawsuit is a "claim" that was first made against Deslauriers after the expiration of the 2021-2022 policy period.

38. The Cyber Liability Coverage Part in the 2021 MBIC Policy, therefore, does not actually or potentially provide coverage for the Bautista Lawsuit.

39. As a result, MBIC has no defense or indemnity obligation for the Bautista Lawsuit under the Cyber Liability Coverage Part of the 2021 MBIC Policy.

WHEREFORE, MBIC and Hanover respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Deslauriers in connection with the Bautista Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT IV – DECLARATORY JUDGMENT

**(Umbrella Policies – Excess Coverage)**

40. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 18 as and for Paragraph 40, as though the same were fully set forth herein.

41. The Excess Insuring Agreement in the Umbrella Policies provides, in pertinent part:

> **I. INSURING AGREEMENTS**
> **1. Coverage A – Follow Form Excess Liability Insuring Agreement**
> **a.** We will pay on behalf of the insured those sums in excess of the "underlying insurance" which the insured becomes legally obligated to pay as damages, provided:
> > **(1)** Such damages are covered by "underlying insurance";
> > ***

42. "Underlying insurance" is defined in the Umbrella Policies as "the liability insurance coverage provided under policies shown in the Schedule of Underlying Insurance for the limits and policy periods indicated."

43. The General Liability Coverage Part of the MBIC Policies is "Underlying Insurance". The Excess Coverage Part of the Umbrella Policies follow form to the General Liability Coverage Part in the MBIC Policies.

44. Because the General Liability Coverage Part in the MBIC Policies does not provide coverage for the Bautista Lawsuit for the reasons set forth herein in Counts I – II, the Excess Coverage Part of the Umbrella Policies does not provide coverage for the Bautista Lawsuit.

45. The Excess Coverage Part of the Umbrella Policies therefore does not actually or potentially provide coverage for the Bautista Lawsuit.

46. Hanover, therefore, has no duty to defend or indemnify Deslauriers for the Bautista Lawsuit under the Excess Coverage Part of the Umbrella Policies.

WHEREFORE, MBIC and Hanover respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Deslauriers in connection with the Bautista Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT V – DECLARATORY JUDGMENT

### (Umbrella Policy – Umbrella Liability Coverage)

47. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 18 as and for Paragraph 47, as though the same were fully set forth herein.

48. The Umbrella Liability Insuring Agreement provides, in relevant part:

> c. Coverage B – Umbrella Liability **Insuring Agreement** does not apply to:
>
> **(1)** Any claim or "suit" which is covered by "underlying insurance" regardless of whether or not the "underlying insurance" is available or the limits have been exhausted;
>
> **(2)** Any claim or "suit" covered by **Coverage A – Follow Form Excess Liability Insurance** of this policy; or
>
> **(3)** Any costs or expenses related to loss as described by **c.(1)** or **c.(2)** above.

49. SECTION II. DEFENSE AND SETTLEMENT in the Umbrella Liability Coverage Part states, in pertinent part:

> We have no duty to defend any person or organization against any claim or "suit":
>
> **(1)** To which this insurance does not apply; or
>
> **(2)** If any other insurer has a duty to defend.

50. In the event the Court determines that MBIC has a duty to defend, then the Umbrella Liability Coverage Part in the Umbrella Policies does not apply, and Hanover has no duty to defend or indemnify Deslauriers under the Umbrella Liability Coverage Part of the Umbrella Policies.

WHEREFORE, MBIC and Hanover respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Deslauriers in connection with the Bautista Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VI – DECLARATORY JUDGMENT

### (Umbrella Policies –Access or Disclosure Exclusion)

51. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 18 as and for Paragraph 51, as though the same were fully set forth herein.

52. The Umbrella Policies contain the following Exclusion:

This insurance does not apply to:

**a. Access Or Disclosure Of Confidential Or Personal Information And Data-Related Liability**
Any liability or expense arising out of:
**(1)** Any access to or disclosure of any person's or organization's confidential or personal information, including patents, trade secrets, processing methods, customer lists, financial information, credit card information, health information or any other type of nonpublic information; or
***

53. The Bautista Complaint alleges Deslauriers collected and disclosed its employee's biometric information in violation of BIPA.

54. Biometric information is confidential and/or personal information.

55. Therefore, any liability or expense arises out of access to or disclosure of any person's confidential or personal information and coverage for the Bautista Lawsuit is precluded under the

Umbrella Coverage Part of the Umbrella Policies pursuant to the Access or Disclosure of Confidential or Personal Information Exclusion.

56. The Umbrella Liability Coverage Part of the Umbrella Policies does not actually or potentially provide coverage for the Bautista Lawsuit.

57. Accordingly, Hanover has no duty to defend or indemnify Deslauriers for the Bautista Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policies.

WHEREFORE, MBIC and Hanover respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Deslauriers in connection with the Bautista Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VII – DECLARATORY JUDGMENT

### (Umbrella Policy – Employment Related Practices Exclusion)

58. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 18 as and for Paragraph 58, as though the same were fully set forth herein.

59. The Umbrella Policy contains the following Exclusion:

> **d. Employment Related Practices**
> Any claim by or on behalf of:
> **(1)** A person arising out of any:
>     **(a)** Refusal to employ that person;
>     **(b)** Termination of that person's employment; or
>     **(c)** Employment-related practices, policies, acts or omissions, such
>     as coercion, demotion, evaluation, reassignment, discipline,
>     defamation, harassment, humiliation, discrimination or malicious prosecution
>     directed at that person; or
>     \*\*\*

60. The Bautista Lawsuit is brought by employees of Deslauriers and alleges that it violated its employees' privacy in their biometric information by requiring them to provide their biometric information for timekeeping purposes and disclosing their biometric information in violation of BIPA.

61. As a result, the Bautista Lawsuit is a claim by or on behalf of a person arising out of any employment-related practices, policies, acts or omissions such as coercion, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination or malicious prosecution directed at that person, and coverage is precluded under Umbrella Liability Coverage Part of the Umbrella Policies by reason of the Employment Practices Liability Exclusion.

62. The Umbrella Liability Coverage Part of the Umbrella Policies does not actually or potentially provide coverage for the Bautista Lawsuit.

63. Accordingly, Hanover has no duty to defend and indemnify Deslauriers for the Bautista Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policies.

WHEREFORE, MBIC and Hanover respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Deslauriers in connection with the Bautista Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

## COUNT VIII – DECLARATORY JUDGMENT

**(Umbrella Policy – Employer's Liability Exclusion)**

64. Plaintiffs adopt and repeat the allegations of Paragraph 1 through 18 as and for Paragraph 64, as though the same were fully set forth herein.

65. The Umbrella Liability Coverage Part excludes coverage for:

> **e. Employers Liability**
> Any injury to:
> **(1)** Any "employee" of an insured arising out of and in the course of:
> **(a)** Employment by an insured; or
> **(b)** Performing duties related to the conduct of an insured's business; or
> \*\*\*

66. Bautista and putative class members are employees of Deslauriers. The Complaint alleges that Deslauriers disclosed their biometric information for time-keeping purposes in connection with their employment, and in doing so violated BIPA and their privacy.

67. Accordingly, any injury occurred to any "employee" of an insured arising out of and in the course of employment by an insured, and is precluded from coverage under the Umbrella Policies pursuant to this exclusion.

68. The Umbrella Liability Coverage Part of the Umbrella Policies does not actually or potentially provide coverage for the Bautista Lawsuit.

69. Accordingly, Hanover has no duty to defend and indemnify Deslauriers for the Bautista Lawsuit under the Umbrella Liability Coverage Part of the Umbrella Policies.

WHEREFORE, MBIC and Hanover respectfully request that this Honorable Court declare that they have no duty to defend or indemnify Deslauriers in connection with the Bautista Lawsuit, and grant any other relief that this Honorable Court deems just and equitable under the circumstances, including the award of costs.

Respectfully submitted,

Massachusetts Bay Insurance Company and
Hanover Insurance Company

By: /s/ Kelly M. Ognibene
     One of its Attorneys

Jeffrey A. Goldwater, Esq. (ARDC #6189014)
Kelly Ognibene, Esq. (ARDC #6297327)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312-345-1718
Jeffrey.Goldwater@lewisbrisbois.com
Kelly.Ognibene@lewisbrisbois.com